UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES E. JACOBSON, JR., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>RAGNAR PETTERSSON, et al.,<br><br>  Defendants. | No. C06-1117P<br><br>ORDER ON PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff's "Emergency Motion for a Temporary Restraining Order Under FRCP RULE 65(b)." (Dkt. No. 34). Having considered the materials submitted by Plaintiffs and the balance of the record in this case, the Court finds and ORDERS as follows:

(1) Plaintiffs allege that they face eviction from their rental dwelling in Bothell, Washington by midnight on October 5, 2006. Plaintiffs suggest that this eviction would violate their rights under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Americans with Disabilities Act (ADA).

(2) Plaintiffs seek a temporary restraining order that would bar Defendants from evicting Plaintiffs from their rental dwelling until the Court can hold a hearing on Plaintiffs' motion for a permanent injunction, which is noted on the Court's motion calendar for October 13, 2006. (Dkt. No. 20). Plaintiffs also seek to restrict Defendants from contacting Plaintiffs, interfering with Plaintiffs'

ORDER - 1

1 lawful activities, or engaging in "any act constituting Coercion, Interference, Intimidation or
2 Retaliation against the Plaintiffs." (Dkt. No. 35).

3     (3)    In order to obtain a temporary restraining order, Plaintiffs must meet the standards for
4 issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839
5 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are
6 "substantially identical").

7     (4)    In order to obtain a preliminary injunction, Plaintiffs must meet either the Ninth
8 Circuit's "traditional" or "alternative" tests. The traditional test requires the Court to find that: (a) the
9 moving party will suffer irreparable injury if the relief is denied; (b) the moving party will probably
10 prevail on the merits; (c) the balance of potential harm favors the moving party; and (d) the public
11 interest favors granting relief. Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). The alternative
12 test requires the Court to find that "(1) a combination of probable success and the possibility of
13 irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its
14 favor." Id. (citations omitted).

15     (5)    Under Fed. R. Civ. P. 65(b), an ex parte temporary restraining order can issue only if:

16     (1)    it clearly appears from the specific facts shown by affidavit or by the verified
17 complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and
18     (2)    the applicant's attorney certified to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that
19 notice should not be required.

20     (6)    The Court finds that Plaintiffs have alerted Defendants that they intend to seek a
21 temporary restraining order in this matter, and that these efforts are sufficient to satisfy Fed. R. Civ. P.
22 65(b)(2).

23     (7)    Plaintiffs argue that the Court should issue a temporary restraining order pursuant to 42
24 U.S.C. § 3613(c), a section of the Fair Housing Act which provides that "if the court finds that a
25 discriminatory housing practice has occurred or is about to occur, the court . . . may grant as relief, as

ORDER - 2

1 the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or
2 other order (including an order enjoining the defendant from engaging in such practice or ordering
3 such affirmative action as may be appropriate)." Plaintiffs cite other sections of the Fair Housing Act,
4 as well as the ADA, in support of their motion.

5 (8) The Court finds that Plaintiffs have not demonstrated a likelihood of success on their
6 claims under the Fair Housing Act or the ADA, nor have Plaintiffs raised serious questions going to
7 the merits of their claims.  Although Plaintiff James E. Jacobson, Jr. suggests that he has been
8 discriminated against in the sale or rental of housing due to his alleged handicap, Plaintiffs have offered
9 no evidence that reasonably suggests that any of the Defendants have discriminated against Mr.
10 Jacobson or any other plaintiff because of a handicap.  Similarly, Plaintiffs have not made a serious
11 showing that they have been subjected to coercion, interference, or intimidation for exercising their
12 rights under the Fair Housing Act or that they have been retaliated against for exercising their rights
13 under the ADA in violation of 42 U.S.C. § 12203.  In addition, while the Court does not discount the
14 difficulties that Plaintiffs may experience if they are evicted, any such harm resulting from the eviction,
15 if it is later determined that the eviction is unlawful, may be compensated through damages.
16 Therefore, Plaintiffs' motion for an emergency temporary restraining order is DENIED.

17 (9) The clerk is directed to send copies of this order to all counsel of record.
18 Dated: October 4th, 2006 at 5:40 p.m.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 3