UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES JACOBSON, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAGNAR PETTERSSON, et al., <br><br> Defendants. | No. CV6-1117 MJP <br><br> ORDER GRANTING DEFENDANT'S MOTION TO CANCEL AND RELEASE LIS PENDENS re: **KING COUNTY RECORDING NUMBER 20061030000955** |

This matter comes before the Court on Defendant William Duffy's Motion to Quash and Cancel Lis Pendens and for Damages and Attorney's Fees. (Dkt. No. 57). Having reviewed the materials submitted by the Defendant, and considering the fact that Plaintiff has not responded, the Court GRANTS Defendant's motion. The lis pendens is canceled and released and Mr. Jacobson is ordered to pay costs and attorneys' fees to Mr. Duffy.

**Background**

Many of the facts relevant to this motion have been previously discussed. In June 2006, William Duffy, Plaintiff Jacobson's landlord, informed Mr. Jacobson that he would not be renewing Mr. Jacobson's lease. The lease was scheduled to terminate on August 31, 2006. Plaintiffs did not vacate their rental unit at the termination of their lease. On September 27, Plaintiffs filed in this Court a motion for injunctive relief, requesting an order precluding the eviction and claiming discrimination under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (Dkt. No. 24). On September 29, in an unlawful detainer action brought by

ORDER GRANTING MOTION TO QUASH AND CANCEL LIS PENDENS - 1

1  Mr. Duffy, the King County Superior Court issued an order and judgment against Mr. Jacobson; the
2  court evicted Mr. Jacobson, granted Mr. Duffy possession of the property, and awarded Mr. Duffy a
3  monetary judgment.  Pursuant to that order and judgment, Mr. Jacobson was ordered to vacate the
4  property.  Mr. Jacobson did not vacate the property, but instead on October 4, filed a motion in this
5  Court requesting a temporary restraining order enjoining the eviction. (Dkt. No. 34).  On that same
6  day, this Court denied Plaintiffs' motion. (Dkt. No. 38).  Plaintiffs were evicted from their rental unit.
7  	On October 30, 2006, Plaintiff caused a lis pendens with a recording number of
8  20061030000955 to be recorded at the King County Recorder's Office against real property
9  described as 8603 NE 193rd St., Bothell, WA 98011, which is the property owned by Mr. Duffy.
10 (Netterfield Decl. at 5).  The lis pendens cites to and is filed under the caption and cause number of
11 this present action. (Netterfield Decl. at 5).  On November 3, Defendant filed a motion to quash and
12 cancel the lis pendens. (Dkt. No. 57).  On November 9, this Court issued an order denying Mr.
13 Jacobson's request for a preliminary injunction preventing his eviction. (Dkt. No. 66).  Mr. Jacobson
14 has not responded to the motion to quash and cancel the lis pendens, but instead has filed numerous
15 "notices" of related cases in state court.

**Discussion**

17 	The lis pendens at issue here is a "lis pendens" within the meaning of Wash. Rev. Code
18 (RCW) § 4.28.328(1)(a).  That section defines a "lis pendens" as "a lis pendens filed under RCW
19 4.28.320 or 4.28.325 or other instrument having the effect of clouding the title to real property . . . ."
20 Mr. Jacobson filed the lis pendens under RCW 4.28.325.  That section authorizes a party "[i]n an
21 action in a United States district court for any district in the state of Washington affecting the title to
22 real property in the state of Washington" to "file with the auditor of each county in which the
23 property is situated a notice of the pendency of the action, containing the names of the parties, the
24 object of the action and a description of the real property in that county affected thereby."  RCW §
25 4.28.325.  That section also authorizes the court in which the action was commenced to cancel the lis
26 pendens after the action is settled, discontinued or abated.  Id.

ORDER GRANTING MOTION TO QUASH AND CANCEL LIS PENDENS - 2

Under Washington law, a lis pendens may not properly be filed except in an action, a purpose of which is to affect directly the tile to the land in question. "A lis pendens is not proper where it is filed in anticipation of recovering a money judgment." Bramall v. Wales, 29 Wn. App. 390, 395, 628 P.2d 511, 514 (1981); see also RCW § 4.28.325.

The Court concludes that the lis pendens should be canceled. Plaintiffs have not plead a claim to title of the Duffy property. Moreover, it does not appear that there would be any legal basis for such a claim. Mr. Jacobson's claims against Mr. Duffy are premised on discrimination; they are not claims that affected the title to the Duffy property. The Court also notes the fact that Plaintiffs have not responded to this motion.[1] The Court finds that Mr. Jacobson knew or had reason to know at the time that he filed the lis pendens that this is not a case affecting the title to real property. Although Mr. Jacobson is proceeding pro se, he is a lawyer and is licensed to practice law in the State of Washington. Finally, the Court finds that Mr. Jacobson has not voluntarily cancelled the lis pendens, even though Defendant requested that he cancel the lis pendens via a letter and then through this motion. (Netterfield Decl. at 13). Because the lis pendens was filed in a case that does not affect the title to real property, the Court cancels and released the lis pendens.

The Court also concludes that Mr. Jacobson is liable to Mr. Duffy under RCW § 4.28.328. Under that provision, "[a] claimant in an action not affecting the title to real property against which the lis pendens was filed is liable to an aggrieved party who prevails on a motion to cancel the lis pendens, for actual damages caused by filing the lis pendens, and for reasonable attorneys' fees incurred in canceling the lis pendens." Mr. Duffy is an "aggrieved party" within the meaning of RCW § 4.28.328(1)(c).

The Court finds that Mr. Duffy has suffered actual damages due to the filing of the lis pendens. Mr. Duffy has hoped to sell the property, but the lis pendens has interfered with his ability to sell it. At least one potential buyer has backed away from making an offer because of the clouded

---

[1] Instead, Plaintiffs have filed a "Notice of Lis Pendens" and two "notices" regarding "related" cases in Washington State Superior Court. (Dkt. Nos. 68, 69, and 71).

ORDER GRANTING MOTION TO QUASH AND CANCEL LIS PENDENS - 3

1 title.  Mr. Duffy estimates his damages (which include not being able to sell the property and not
2 having a renter) to be not less than one hundred dollars ($100) per day. (Duffy Decl. at 3).
3       The Court finds that Mr. Duffy has suffered damages in the amount of one hundred dollars
4 ($100) per day since October 30, 2006.  The Court also finds that Mr. Duffy has incurred reasonable
5 attorneys' fees in cancelling the lis pendens of two thousand dollars ($2000).

### Conclusion

7      It is therefore ORDERED that the lis pendens recorded with the King County Recorder's
8 Office under the recording number 200061030000955 is canceled and released and shall have no
9 further effect.  Mr. Jacobson may not file another lis pendens in this action against the Duffy property
10 without first obtaining an order from this Court permitting such filing.  Mr. Jacobson shall also pay
11 Mr. Duffy four thousand one hundred dollars ($4,800) by delivering the same to William J. Duffy
12 care of Ellis Li & McKinstry PLLC, 601 Union St., Suite 4900, Seattle, WA, 98101, within ten (10)
13 days of the date of this order.
14      Dated this 27th day of November, 2006.

_____
Marsha J. Pechman
United States District Judge