UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
JAMES JACOBSON, JR., *et al.*,      )   No. C06-1117MJP
                                    )
                    Plaintiffs,     )
        v.                          )   ORDER DENYING PLAINTIFF'S
                                    )   REQUEST TO REMOVE
RAGNAR PETTERSSON, *et al.*,        )   JUDGE PECHMAN
                                    )
                    Defendants.     )
_____)

This matter comes before the Court under Local General Rule 8(c). On December 11, 2006, plaintiff James E. Jacobson, Jr. filed a "Motion for Recusal and/or Disqualification of the Honorable Marsha J. Pechman Pursuant to 28 U.S.C. § 455(a)" (Dkt. #99). The Honorable Marsha J. Pechman, United States District Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review (Dkt. #100). Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE PECHMAN

> shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

A judge must recuse herself if a reasonable person would believe that she is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff argues that Judge Pechman's "bias is evident" based on her rulings of September 11, 2006 (Dkt. #13); November 9, 2006 (Dkt. #66); and November 27, 2006 (Dkt. #84). See Dkt. #99 at 4-7. Plaintiff, however, does not identify any extrajudicial source of the alleged prejudice in these allegations: the only suggestion of bias is the judge's earlier decisions. In such circumstances, the risk that the litigant is using the recusal motion for strategic purposes is considerable. See Ex Parte Am. Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met the burden of showing an appearance of bias.

Plaintiff's only allegation relating to an extrajudicial source of prejudice relates to a continuing legal education (CLE) seminar he attended in mid-2006 where he asked a question of

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE PECHMAN         -2-

Judge Pechman who was a panelist at the seminar. Plaintiff alleges that a question "raised by Plaintiff as a hypothetical at the mid-year CLE and posed directly to Judge Pechman is in fact this case, to wit, derived from the same core nucleus of operative facts[.]" See Dkt. #99 at 9. Based on this, plaintiff claims that Judge Pechman, "had prior knowledge of this matter when it was first filed." Id. This Court finds, however, that the plaintiff's hypothetical question could not have informed Judge Pechman about the facts of this case because as plaintiff admits in his motion, "this case as presently constituted could not have been anticipated [at the time of the CLE in mid-2006]." Id.

Having reviewed plaintiff James E. Jacobson, Jr.'s motion and the remainder of the record, the Court finds that Judge Pechman's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Pechman from this matter (Dkt. #99) is DENIED.

DATED this 12th day of December, 2006.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE PECHMAN           -3-