1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES JACOBSON, JR., et al.,

                         Plaintiffs,

v.

RAGNAR PETTERSSON, et al.,

                         Defendants.

No. CV6-1117 MJP

ORDER ON MOTIONS TO
DISMISS

      This matter comes before the Court on three motions to dismiss filed by Defendants Bellevue

Oldsmobile Cadillac, Ragnar Pettersson, Per Pettersson, Tim Buffington, and Rick Lavender (Dkt.

No. 192), Terry Komberec (Dkt. No. 195), and Operators of the Snohomish County Jail (Dkt. No.

201).  All of the other Defendants who have appeared in this matter join in the motions to dismiss.[1]

(See Dkt. Nos. 200 (James W. Aiken), 219 (First Technology Credit Union), 205 (Defendants Ofcr.

Brooks, City of Bothell, and City of Marysville), 228 (Snohomish County), 229 (William Duffy).)

Plaintiffs have failed to respond to any of the motions.  Having reviewed and considered the motions,

the documents submitted in support thereof, and the record in this case, the Court GRANTS the

motions and DISMISSES Plaintiffs' claims against Defendants Bellevue Oldsmobile Cadillac, Ragnar

Pettersson, Per Pettersson, Tim Buffington, Rick Lavender, and Terry Komberec WITH

PREJUDICE.  The Court ORDERS Plaintiffs to SHOW CAUSE by April 23, 2007, why Plaintiffs'

claims as to all other Defendants should not also be dismissed with prejudice.

---

[1]      The only exception is Defendant Bothell Police Department, which has not moved to
dismiss this action or joined in any other defendant's motion to dismiss.

ORDER - 1

**Background**

The Plaintiffs in this action are James E. Jacobson and his two minor children.  Mr. Jacobson is an attorney licensed to practice law in the State of Washington.  He has represented himself and his children in this action.  Throughout this litigation, Plaintiffs have persisted in willfully violating orders of this court and the local and federal rules and have engaged in other forms of misconduct.  The following are some examples of Plaintiffs' conduct:

(1)  On October 30, 2006, Plaintiff James E. Jacobson filed a lis pendens with the King County Recorder's Office against property owned by Defendant Duffy.  This filing was improper as this action does not affect the title to the real property which was the subject of the lis pendens.  Defendant Duffy was forced to file a motion with this Court to cancel and release the lis pendens when Mr. Jacobson refused to release it. (Dkt. No. 57.)  Plaintiffs did not respond to the motion.  On November 27, 2006, the Court canceled the lis pendens and ordered Mr. Jacobson to pay Mr. Duffy damages and attorney's fees in the amount of $4,800.00 within ten days. (Dkt. No. 84.)  Mr. Jacobson did not pay Mr. Duffy as ordered. (Dkt. No. 195-3, Netterfield Decl. ¶ 2.)

(2)  During the pendency of this action, Mr. Jacobson issued a subpoena to Washington Mutual seeking to obtain certain financial records of Defendant Duffy.  Mr. Jacobson did not serve Mr. Duffy or any other party to this action with a copy of this subpoena as required by Fed. R. Civ. P. 45.  Mr. Duffy filed a motion to quash this subpoena. (Dkt. No. 128.)  Plaintiffs did not respond. The Court granted the motion and found that Mr. Jacobson's actions were improper and inexcusable and were undertaken to prevent Mr. Jacobson from objecting to the disclosure of his financial records. (Dkt. No. 156.)  The Court entered an Order of Protection requiring Mr. Jacobson to, among other things, (a) provide Mr. Duffy with all information obtained from Washington Mutual, (b) destroy and purge from his files any remnants of the information obtained, (c) take all steps necessary to remove the information from the records of the two courts in which he had filed this information, (d)  file a declaration by February 12, 2007, affirming that he had complied with the Court's order, and (e) pay Mr. Duffy $4,800.00 in sanctions.  Mr. Jacobson has not complied with any aspect of that Order. (Netterfield Decl. ¶ 5.)

1      (3)  While this action was pending, Mr. Jacobson was evicted from a rental house owned by

2  Defendant Duffy.  Mr. Duffy was forced to hire movers to pack and store Mr. Jacobson's personal

3  property left at the rental house.  Mr. Jacobson later entered into a settlement agreement with Mr.

4  Duffy regarding the personal property, but breached the agreement by among other things, not

5  obtaining his property from Hansen Bros. Moving & Storage, where it was located.  Mr. Duffy filed a

6  motion with this Court to compel Mr. Jacobson to remove the property. (Dkt. No. 123.)  Plaintiffs

7  did not respond to the motion.  The motion was granted and the Court ordered Mr. Jacobson to

8  remove all of his personal property from Hansen Bros. by February 16, 2007. (Dkt. No. 157.)

9  Plaintiffs failed to remove all of their property as ordered. (Netterfield Decl. ¶ 7.)

10      (4)  On December 9, 2007, Defendant Komberec served his first Request for Production on

11  Plaintiffs.  Plaintiffs did not respond within thirty days as required by  Fed. R. Civ. P. 34(b).  Mr.

12  Komberec unsuccessfully attempted to confer with Plaintiffs and then moved to compel responses.

13  On February 20, 2007, the Court granted the motion and ordered Plaintiffs to produce the requested

14  documents and materials and pay $1,500.00 in sanctions.  In addition, the Court specifically warned

15  Plaintiffs that if they did not comply, the Court would consider imposing increasingly severe

16  sanctions, including dismissal of this action with prejudice.  Plaintiffs did not produce the documents

17  or materials requested or pay the sanctions as ordered. (Dkt. No. 195-2, Gibbs Decl. ¶¶ 2-3.)

18      (5)  In spite of multiple deadlines for doing so, Plaintiffs never filed or served proper initial

19  disclosures on the other parties to this action as required by Fed R. Civ. P. 26.[2]  (See March 5, 2007,

20  Order, Dkt. No. 189.)  On March 5, 2007, the Court gave Plaintiffs an additional seven days to serve

21  initial disclosures on all parties. (Dkt. No. 189.)  Nevertheless, it appears that Plaintiffs have not

22

23

24      [2]      As detailed in the Court's March 5, 2007, Order, Plaintiffs did file a document entitled
"Plaintiffs' FRCP 26(a) Initial Disclosures" forty days after they were due. (Dkt. No. 189.)  The Court
25  found Plaintiffs' filing inadequate for a number of reasons, including the fact that it did not identify any
documents that may be used to support Plaintiffs' claims and did not compute any damages.  In their
26  filing, Plaintiffs indicated that relevant documents would be posted on a website.  As the Court explained
in the Order, Plaintiffs may not discharge their responsibility to file initial disclosures by referring
Defendants to a website.

ORDER - 3

1    served any defendants with initial disclosures. (Dkt. No. 193, Folawn Decl. ¶ 3; Dkt. No. 202, Held

2    Decl. ¶ 6; Dkt. No. 195-2, Gibbs Decl. ¶ 7.)

3        (6)  Plaintiffs failed to respond to discovery propounded on them by Defendants Bellevue

4    Oldsmobile Cadillac, Ragnar Pettersson, Per Pettersson, Tim Buffington and Rick Lavender.  Those

5    Defendants moved to compel responses to their discovery requests and initial disclosures. (Dkt. No.

6    153.)  The motion also sought dismissal of this case based on Plaintiffs' discovery violations.

7    Plaintiffs failed to respond to the motion.  The Court granted the Defendants' motion in part. (Dkt.

8    No. 189.)  The Court considered dismissal at that time but chose to impose a lesser sanction and

9    ordered Plaintiffs to provide full and complete answers to Defendants' discovery requests and serve

10   initial disclosures within seven days.  The Court also ordered Plaintiffs to pay Defendants reasonable

11   attorney's fees in the amount of $2,200.  The order specifically and unequivocally informed the

12   Plaintiffs that "...their claims [would] be dismissed with prejudice, upon motion to the court" if they

13   did not comply with this order within the allotted time.  Plaintiffs did not comply and Defendants have

14   now moved to dismiss this action. (Dkt. No. 192.)

15       (7) Throughout this litigation, Plaintiffs have made it increasingly difficult to communicate

16   with them.  The communication problems are detailed in the Court's March 7, 2007, Order Denying

17   Plaintiffs' Motion to Vacate, Dkt. No. 191.  In brief, Mr. Jacobson claims that he has not received

18   service or notice through the Court's electronic filing system of any document filed since October

19   2006. (See Dkt. Nos. 159, 166.)  He makes these claims despite the fact that he has continued to use

20   the CM/ECF filing system to file his own documents throughout this period of time.  Mr. Jacobson

21   has also claimed in recent filings that he cannot be reached by email, phone, or U.S. mail.  But in

22   March 2007, the Court was informed through defense counsel that Mr. Jacobson has a working email

23   address that he provided to the Bankruptcy Court, but did not provide to this Court. (Dkt. No. 209.)

24       As the Court has indicated in other orders addressing these communication issues, Mr.

25   Jacobson's refusal to find a means of communication with the Court is unacceptable. (See Dkt. Nos.

26   162, 191.)  Mr. Jacobson has an obligation as an officer of the Court and as a litigant in this Court to

provide a means of communication between himself and opposing counsel, and between himself and

ORDER - 4

1   this Court.  At the very least, Mr. Jacobson has failed to make reasonable efforts to find an available

2   means of communication with the Court and other parties.  More likely, Mr. Jacobson has

3   deliberately cut-off means of communication in an effort to stall and disrupt this litigation.  His

4   conduct in this regard is disrespectful, disruptive, and unprofessional.

5          It is on this record that Defendants request that the Court impose the sanction of dismissal

6   with prejudice against Plaintiffs.

7                                          **Discussion**

8   **I.       Standard Governing Sanction of Dismissal**

9          Plaintiffs' repeated failures to comply with the local and federal rules and with direct orders

10  from this Court are grounds for dismissal.  Under Fed. R. Civ. P. 41, a defendant may move for

11  dismissal of an action if the plaintiff fails "to prosecute or to comply with [the Federal] rules or any

12  order of court." Fed. R. Civ. P. 41(b).  Rule 37 provides that a district court may sanction a party for

13  failure to "obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2).  The Court may

14  issue an "order striking out pleadings, or parts thereof, or staying further proceedings until the order

15  is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by

16  default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C).

17         The Ninth Circuit has identified five factors that courts should consider when deciding

18  whether to dismiss a case for misconduct:

19              (1) the public's interest in expeditious resolution of litigation; (2) the court's need
                to manage its docket; (3) the risk of prejudice to the other party; (4) the public
20              policy favoring the disposition of cases on their merits; and (5) the availability of
                less drastic sanctions.
21
22  Adriana Int'l Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990).  In addition, in order to

23  warrant dismissal, the party's violations of the Court's orders must be due to willfulness or bad faith.

24  Id. at 1412 n.5.  The standards governing dismissal for failure to obey a court order are basically the

    same under either Rule 37 or Rule 41. See Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.
25
    1987).  When deciding a motion for sanctions, the Court may consider prior misconduct, and all of
26
    the misconduct is considered as a whole. Adriana, 913 F.2d at 1411.

ORDER - 5

**A.      The First and Second Factors — Expeditious Resolution and Docket Management — Favor Dismissal**

The first two dismissal factors are the public interest in the expeditious resolution of litigation and the trial court's interest in docket control.  "Where a court order is violated, the first two factors support sanctions." <u>Adriana</u>, 913 F.2d at 1412.  Plaintiffs have failed to respond to discovery and to serve their initial disclosures in spite of multiple deadlines for doing so.  They have improperly subpoenaed documents without notice and have filed lis pendens without any justification or legal basis for doing so requiring expensive and time consuming responses by Defendants.  Plaintiffs have repeatedly failed to file responsive pleadings to motions brought by Defendants.  They have also filed frivolous motions and pleadings that ignore prior Court orders.[3]  And Plaintiffs have refused to provide the Court and opposing counsel with an effective means of communicating with Plaintiffs.  Plaintiffs' course of conduct has been willful, improper, and inexcusable.  Their conduct has greatly impeded the resolution of this case and has been burdensome on the Court's docket and schedule as well as causing needless expense to the Defendants.  The Plaintiffs have also ignored the Court's deadlines and orders issued to move this matter forward.  Thus, the first two factors weigh heavily in favor of dismissal.

**B.      The Third Factor — Prejudice — Favors Dismissal**

A plaintiff's actions are prejudicial if they impair a defendant's ability to move forward with the trial or the Court's ability to decide the merits of the case. <u>Adriana</u>, 913 F.2d at 1412.  The failure to produce documents or things is considered to be sufficient grounds for finding prejudice. <u>Id.</u> (citing <u>Securities and Exchange Comm'n v. Seaboard Corp.</u>, 666 F.2d 414, 417 (9th Cir. 1982)).  Here, Plaintiffs' pattern of discovery abuse, including Plaintiffs' failure to make proper initial disclosures, failure to respond to discovery requests, and failure to comply with court-ordered production of

---

[3]      For example, after the Court ordered Mr. Jacobson to remove his personal property from Hanson Bros. Moving & Storage, (Dkt. No. 157) Mr. Jacobson filed multiple pleadings asking the Court for an "order and judgment for the immediate and unconditional delivery of possession of Plaintiffs' property." (<u>See</u> Dkt. Nos. 158, 173.)  Such filings were moot considering the Court's previous order on the subject matter.

1   documents, has been prejudicial to Defendants.  Plaintiffs' conduct has interfered with the orderly

2   resolution of this case, limited Defendants' participation in discovery and preparation of a defense,

3   and needlessly increased the cost of this litigation.  The Court can only conclude that Plaintiffs'

4   persistent misconduct has been willful and in bad faith.  Thus, the third factor also weighs strongly in

5   favor of dismissal.

6   **C.      The Fifth Factor — Consideration of Less Drastic Sanctions — Favors Dismissal**

7          Before dismissing a case for misconduct, the Court must consider the adequacy of less drastic

8   sanctions, and the impact of dismissing the case. Adriana, 913 F.2d at 1412.  A district court's

9   decision to dismiss a case for misconduct should (1) consider the feasibility of less drastic sanctions

10  and explain why alternative sanctions were not appropriate; (2) evaluate whether the court

11  implemented alternative sanctions before ordering dismissal; and (3) discuss whether the court

12  warned the party of the possibility of dismissal. Id. at 1412-13.

13         The Court has imposed less drastic sanctions to no avail and has twice warned Plaintiffs that

14  dismissal with prejudice would follow their continued failure to respond to their discovery obligations

15  and the orders of this Court.  This Court has imposed monetary sanctions on Plaintiffs on four

16  separate occasions for a combined total of $13,300.00.  (See Dkt. No.'s 84, 156, 177, and 189.)

17  None of these sanctions have been paid to date and their imposition has had no effect on Plaintiffs'

18  continued misconduct and disobedience of this Court's orders.  In addition, the Court has repeatedly

19  warned Plaintiffs regarding their conduct.  In ordering Plaintiffs to respond to Defendant Komberec's

20  First Request for production, the Court specifically warned Plaintiffs that if they did not comply, the

21  Court may issue increasingly severe sanctions, including dismissal with prejudice. (Dkt. No. 177.)

22  And in the Order on the motion to compel brought by Defendants Bellevue Oldsmobile Cadillac,

23  Ragnar Pettersson, Per Petterson, Tim Buffington, and Rick Lavender, the Court expressly warned

24  Plaintiffs that if they failed to comply within seven days, "their claims will be dismissed with

25  prejudice, upon motion to the Court." (Dkt. No. 189.)  Even in the face of these sanctions and orders,

26  Plaintiffs have not complied.  Plaintiffs' conduct shows that they will not respond to less drastic

ORDER - 7

1    sanctions.  The Court concludes that no sanction other than dismissal would be effective in remedying

2    Plaintiffs' misconduct or preventing future misconduct from occurring.

3            **D.      Dismissal Is Appropriate Here**

4            Dismissal is appropriate where four factors support dismissal, or at least three factors

5    "strongly" support dismissal. <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999).  In this

6    case, four factors strongly support dismissal: (1) the public's interest in expeditious resolution of

7    litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the other party; and

8    (4) the ineffectiveness of less drastic sanctions.  Although the fourth factor — public policy favoring

9    disposition of actions on the merits — weighs against dismissal, this consideration is outweighed by

10   the four other factors.  The Court concludes that dismissal is appropriate here.

11           The Court therefore dismisses Plaintiffs' action against Defendants Bellevue Oldsmobile

12   Cadillac, Ragnar Pettersson, Per Petterson, Tim Buffington, and Rick Lavender, and Terry

13   Komberec.  These are the Defendants upon whose motions to compel the Court ordered Plaintiffs to

14   produce documents or risk dismissal with prejudice.  Plaintiffs have been specifically warned that their

15   claims against these Defendants would be dismissed with prejudice and dismissal with prejudice as to

16   these Defendants is clearly warranted.

17           **E.      Order to Show Cause Why Other Defendants Should Not Be Dismissed**

18           Although the Court believes that there are ample reasons for dismissal with prejudice as to all

19   other Defendants in this action, out of an abundance of caution and because no explicit warning as to

20   these other Defendants has been given, the Court grants Plaintiffs one final chance to come into

21   compliance with the Court's orders and the local and federal rules and to explain why this action

22   should not be dismissed as to the other Defendants.  The Court therefore ORDERS Plaintiffs to

23   SHOW CAUSE why this action should not be dismissed with prejudice as to the remaining

24   Defendants for failure to comply with Court orders and failure to comply with local and federal rules.

25   Plaintiffs' response is due within ten (10) calendar days of this order and shall be limited to six (6)

26   pages in length.  In addition, Plaintiffs must provide proper initial disclosures to the remaining

     Defendants within five (5) calendar days of this order.  Plaintiffs' response to the Order to Show

     ORDER - 8

1   Cause must include an affidavit stating that Plaintiffs have provided proper initial disclosures to all

2   remaining defendants.  If Plaintiffs do not respond or otherwise comply with this Order to Show

3   Cause, the Court will dismiss this action <u>with prejudice</u> and without further motion as to all remaining

4   defendants.[4]

5           **F.     "John Doe" Defendants**

6           Finally, Plaintiffs' amended complaint names "John Does" as defendants in this action.  If

7   Plaintiffs intend to pursue claims against any "John Doe" defendants for allegations arising out of the

8   facts in this suit, they must identify those defendants within five (5) calendar days of this order.  The

9   Ninth Circuit has indicated that although the use of "John Doe" defendants is disfavored, in some

10  circumstances, a plaintiff should be given an opportunity through discovery to identify unknown

11  defendants, unless it is clear that discovery would not identify the defendants or the complaint would

12  be dismissed on other grounds. <u>Gillespie v. Ciuletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  Here,

13  Plaintiffs have had an opportunity to identify the unknown defendants.  Plaintiffs filed their original

14  complaint on August 8, 2006, and filed an amended complaint on August 24, 2006. (Dkt. Nos. 1, 5.)

15  Although they have had ample time to do so, Plaintiffs have not shown any intention of using the

16  discovery process to identify the unknown defendants.  Thus, if Plaintiffs do not identify the "John

17  Doe" defendants and amend their complaint to reflect the identities of these defendants within five (5)

18  calendar days of this order, all claims against these unknown defendants will be dismissed.

19                                    **Conclusion**

20          Because Plaintiffs refuse to comply with the local and federal rules and this Court's orders,

21  because their conduct has been willfully disruptive and prejudicial, and because no sanction short of

22  dismissal is sufficient to address Plaintiffs' conduct, this action is DISMISSED WITH PREJUDICE

23  as to Defendants Bellevue Oldsmobile Cadillac, Ragnar Pettersson, Per Pettersson, Tim Buffington,

24

25          [4]      Defendant Duffy requests that the Court retain jurisdiction over Mr. Jacobson with regard
    to the orders entered against him until he has fully complied therewith.  A district court retains
26  jurisdiction to enforce its judgment and orders. <u>See</u> <u>Taylor v. United States</u>, 181 F.3d 1017, 1030 n.7 (9th
    Cir. 1999).

1    and Rick Lavender, and Terry Komberec.  The Court ORDERS Plaintiffs to SHOW CAUSE by

2    **April 23, 2007**, why this action should not be dismissed with prejudice as to all remaining defendants.

3             The clerk is directed to provide a copy of this order to all counsel of record.

4             Dated: April 13, 2007.

5

6                                            _Marsha J. Pechma_
                                             Marsha J. Pechman
7                                            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 10