UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES JACOBSON, JR., et al.,<br><br>                 Plaintiffs,<br><br>v.<br><br>RAGNAR PETTERSSON, et al.,<br><br>                 Defendants. | No. C06-1117MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR CONTEMPT AND DENYING PLAINTIFFS' MOTION FOR CONTEMPT |

      This matter comes before the Court upon Defendant Duffy's Motion For Contempt Against James E. Jacobson Jr. (Dkt. No. 230) and Plaintiffs' Motion for Contempt (Dkt. No. 196). Plaintiffs have not responded to Defendant's motion. Having considered the motions, Defendants' responses to Plaintiffs' motion (Dkt. Nos. 214, 215), the documents submitted in support of the motions and responses, and the record herein, the Court DENIES both motions for contempt, but converts to judgment the previously ordered sanctions against Mr. Jacobson.

**Background**

      Because the facts pertinent to the pending motions have been discussed in previous orders, (see Order Granting Defendant's Motion to Cancel and Release Lis Pendens, Dkt. No. 84; Order Quashing Subpoena, Dkt. No. 156; Order Granting Defendant's Motion to Compel, Dkt. No. 157) the Court will only discuss them briefly. On October 30, 2006, Plaintiff Jacobson caused a lis pendens to be recorded against real property owned by Defendant Duffy. Mr. Jacobson did this even though he knew or had reason to know at the time that the lis pendens was not proper because this case does not affect the title to real property. Upon Mr. Duffy's motion, the Court cancelled and released the lis pendens and ordered Mr. Jacobson to pay Mr. Duffy $4,800. Mr. Jacobson has not paid the sanction. (Dkt. No. 231, Netterfield Decl. ¶ 5.)

ORDER - 1

In November 2006, Mr. Jacobson subpoenaed Mr. Duffy's bank records from Washington Mutual Bank. In doing so, Mr. Jacobson violated Fed. R. Civ. P. 45 because he did not provide prior notice of the subpoena to Defendants. Mr. Jacobson also filed some of the bank records in this Court as exhibits to one of his pleadings. (See Dkt. No 149-36, 149-37, 149-38, 149-39.) The Court sealed some of these bank records because they contained identifying financial information in violation of the Court's General Standing Order regarding Public Access to Electronic Case Files. (Dkt. No. 154.) The Court ordered Mr. Jacobson to return the documents to Mr. Duffy, purge the information from his own records, avoid further dissemination of the information, take all steps necessary to have the information removed from court files, and file an affidavit proving compliance. The Court also ordered Mr. Jacobson to pay Mr. Duffy $4,800. Mr. Jacobson has not paid the sanction or filed the affidavit of compliance. (See Netterfield Decl. ¶ 3.) Mr. Jacobson further defied the Court's order by directly referencing the protected information in the bankruptcy action he filed for his LLC, Clearlake. (See Netterfield Decl. ¶ 2, Ex. 1.)

After Mr. Jacobson was evicted from the rental home owned by Mr. Duffy, Mr. Duffy hired Hansen Brothers Moving & Storage to pack and move into storage property belonging to Mr. Jacobson that was left at the rental house. In December 2006, Mr. Jacobson and Mr. Duffy signed a settlement agreement that obligated Mr. Jacobson to remove his personal property from Hansen Bros. storage facilities by December 20, 2006. When Mr. Jacobson did not remove the property as promised, Mr. Duffy moved to compel Mr. Jacobson to remove his property. On February 6, 2007, the Court ordered Mr. Jacobson to remove all his personal property from the premises of Hansen Bros. by February 16, 2007. The order specified that no party should interfere with Mr. Jacobson's efforts to remove his property, but that no party would be obligated to assist him provided that Mr. Duffy would reasonably communicate to Hansen Bros. any written scheduling requests from Mr. Jacobson and that Mr. Duffy would accommodate a written request from Mr. Jacobson to pay Mr. Jacobson's movers $1,500 on the day Mr. Jacobson removed his property. The Court authorized Mr. Duffy to dispose of the property if Mr. Jacobson did not retrieve it by February 16, 2007.

1    From the documents provided by Mr. Jacobson and Mr. Duffy, it appears that neither Mr.
2 Duffy nor any other Defendants in this action interfered with Mr. Jacobson's efforts to retrieve his
3 property.  On December 18, 2006, Mr. Netterfield informed Mr. Jacobson (through counsel) that
4 Hansen Bros. required 48 hours notice before retrieving property from their storage facilities. (Dkt.
5 No. 216, Netterfield Decl. ¶ 7, Ex. 1.)  Between December 27, 2006, and February 7, 2007, Mr.
6 Jacobson communicated with Mr. Alan Holm, Sales Manager for Hansen Bros., regarding removal of
7 the property.  Mr. Holm told Mr. Jacobson about the 48 hour notice requirement and the hours of
8 operation of the storage facility. (Holm Decl. ¶ 4.)  During this time, on three occasions, Mr.
9 Jacobson stated that he would retrieve his property but did not do so. (Id.)  On February 14, at 1:43
10 p.m., Mr. Jacobson sent Mr. Holm a letter by fax indicating that he intended to arrive the next
11 morning to retrieve his property. (Id. ¶ 6.)  Hansen Bros. could not accommodate the late notice, but
12 scheduled Mr. Jacobson to have access at 9:00 a.m. on February 16. (Id. ¶ 7.)  On February 16, Mr.
13 Jacobson arrived with one helper at 11:00 a.m., loaded his truck, and left at 2:00 p.m. (Id. ¶ 8.)  He
14 returned after 5:00 p.m., after the warehouse had closed, and was turned away. (Id. ¶ 9.)  In early
15 March, Mr. Jacobson contacted Mr. Holm regarding arrangements to retrieve the remainder of his
16 property. (Dkt. No. 196-3,-4.)  Counsel for Mr. Duffy responded and informed Mr. Jacobson that all
17 of his property had been removed from the warehouse on February 19, 2007, pursuant to this Court's
18 order. (Dkt. No. 196-5.)
19    Mr. Duffy and Mr. Jacobson have both moved for contempt.  Mr. Duffy also requests that the
20 Court enter a vexatious litigant order against Mr. Jacobson.

**Discussion**

22    A court may hold a party in civil contempt when that party disobeys a specific and definite
23 court order by failure to take all reasonable steps within the party's power to comply. Reno Air
24 Racing Assn. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).  The contempt need not be willful,
25 but a person should not be held in contempt if his action appears to be based on a good faith and
26 reasonable interpretation of the court's order. Id.  The Court has discretion to determine whether a
contempt order is warranted. See id.

ORDER - 3

1    Plaintiffs have moved for contempt "against the other parties bound by the [February 6]
2  Order." Plaintiffs assert that their failure to retrieve the property at Hansen Bros. was not their fault,
3  but instead is "the direct result of the lack of compliance and actual physical interference by other
4  parties bound by the Order of this Court." Plaintiffs request that the Court issue an order that, among
5  other things, restores possession and control of the property to Plaintiffs. But Plaintiffs have not
6  shown how other parties interfered with Plaintiffs' attempts to collect their property. Instead, the
7  evidence presented suggests the opposite — that defendants and Hansen Bros. did not interfere with
8  Mr. Jacobson's efforts to collect his property. Because Plaintiffs have not shown that any of the
9  defendants or employees of Hansen Bros. violated this Court's order, the Court DENIES Plaintiffs'
10 motion for contempt.

11   Mr. Duffy requests that the Court enter an order of civil contempt to compel compliance with
12 the Court's previous orders and to compensate Mr. Duffy for ongoing harm resulting from Mr.
13 Jacobson's vexatious litigation and disregard of this Court's orders. The Court concludes that a civil
14 contempt order against Mr. Jacobson is not warranted. Although Mr. Jacobson has violated several
15 specific court orders, Mr. Jacobson's behavior leads the Court to believe that Mr. Jacobson suffers
16 from mental health issues which cause him difficulty in complying with the Court's orders. Mr.
17 Jacobson has submitted rambling pleadings that inappropriately substitute statements about his
18 personal issues for legal argument. He has repeatedly violated the federal and local civil rules and
19 failed to respond in a professional, lawyer-like way. He has sealed himself off from this litigation by
20 failing to provide a means of communicating with him. He claims that he does not receive notice of
21 documents filed through the electronic filing system, but continues to use that system to file his own
22 documents. This behavior evidences a deterioration in Mr. Jacobson's skill-level and judgment.[1]

23   The Court has sanctioned Mr. Jacobson throughout this litigation without effect. Not only
24 has the Court imposed the monetary sanctions listed above, but it has imposed sanctions for conduct

---

[1] The Court has attempted to minimize the cost of Mr. Jacobson's litigation on Defendants by responding promptly to all nonsensical filings. It has also called for joint responses where feasible to ameliorate the impact of Mr. Jacobson's noncompliance.

ORDER - 4

regarding other defendants, and it has dismissed this entire action with prejudice. The Court will not hold Mr. Jacobson in civil contempt as it appears that doing so would have little effect on compliance with prior orders or the federal and local rules.

The Court also declines to enter a vexatious litigant order against Mr. Jacobson. Although "there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances," such pre-filing orders should rarely be filed. See DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Vexatious litigant orders are usually reserved for litigants who file multiple suits.

Although the Court will not enter a contempt order or a vexatious litigant order against Mr. Jacobson, the Court will convert all prior sanctions to judgment which will accrue interest for monies left unpaid.

**Conclusion**

Although Mr. Jacobson has violated several specific court orders, the Court declines to hold him in civil contempt. Both Defendant Duffy and Plaintiffs' motions for contempt are DENIED. Defendant Duffy's request that the Court enter a vexatious litigant order is also DENIED. But the Court will convert all prior sanctions to a judgment. This should provide some relief to Defendants.

The clerk is directed to send a copy of this order to all counsel of record.

Dated: May 17th, 2007.

Marsha J. Pechman
United States District Judge